[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This suit originated as a small claims matter and was transferred to the regular civil docket (on the defendant's motion).
The parties entered into a contract for the purchase and sale of a residential property known as 75 Volpi Road, Bolton, Connecticut. The plaintiffs are the contract buyers and the defendant the seller.
The buyers provided an initial deposit of $1000 which, according to the contract, was to be held in escrow by the real estate broker, to be applied to the purchase price. The contract called for an additional $9000 deposit to be made within ten days to be similarly held by the broker. The second check was sent to the broker, but the buyers stopped payment on it and terminated the contract.
The terms of the contract provided for home, pest and environmental inspection tests at the buyer's option, and that the buyer must give written notice within twelve days of the contract date of any sub-standard test results.
The contract further provided that if the parties are unable to reach a mutual agreement regarding any sub-standard conditions, the buyer may terminate no later than three days after the inspection contingency date and in that case, be refunded any deposits made. (Exhibits A and 1 paragraph 19.) The contract specifically provided for testing of the well on the property and for soil testing.
Subsequent to the signing of the contract on June 27, 2001, the parties agreed to extend the date to complete the testing to July 18, 2001.
The laboratory retained by the buyers to inspect the well found the water was contaminated. The report to that effect was provided to the seller and by letter dated July 14, 2001 (Exhibit G), the buyers asked CT Page 3648 the seller to have the well cleaned and retested (Exhibit G). The seller agreed to do so (Exhibit F), but before that could be accomplished the buyers had terminated the contact. They terminated the contract after receiving a report dated July 13, 2001 from the state of Connecticut public health department which reported that a soil sample taken under an apple tree showed a level of dieldrin approximately eight times higher than Connecticut Remediation Standard Regulations permitted. Dieldrin is a contaminant and the report cautioned against digging or disturbing the soil. (Exhibits K and 9.) Soil testing was not done in other areas of the property, according to the report. (Exhibits K and 9 were not admitted for the truth of their content, but to evidence the buyers' frame of mind in terminating the contract.)
The buyers expressed concern that because both the soil and the well showed contamination and because they had young children whose health could be potentially affected, they did not feel they could purchase the house. They were also concerned that even if the well was cleaned and retested okay, there was the possibility of future re-contamination, especially because of the reported soil problem.
On July 20, 2001, the buyers notified the seller that they were terminating, with a fax to their real estate agent. (Exhibit E.) This was within three days of the agreed extension of July 18, 2001.
The seller's argument that because there was no rider agreement with respect to the provision for soil testing as there was for the well inspection contingency, the buyers could not back out of the agreement, is unwarranted. Clearly, the parties agreed that the sale was contingent upon a satisfactory soil test and test results provided to the buyers showed a level of contamination. Under these circumstances it was not unreasonable for the buyers to terminate the contract, based on their reasonable concerns that the well was contaminated and could become recontaminated in the future, and the reported cancer causing contaminants in the soil.
Under the terms of the contract, they are entitled to the return of their deposit.
Accordingly, judgment shall enter for the plaintiffs in the amount of $1000, plus statutory costs of $30.00 for the filing fee.
Judgment for the plaintiffs on the counterclaim.
Klaczak, J.T.R. CT Page 3649